UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PACIFIC COAST SHIPYARDS METAL TRADES TRUST FUND,<br><br>          Plaintiff,<br><br>     v.<br><br>PACIFIC SHIP REPAIR & FABRICATION INC,<br><br>          Defendant. | CASE NO. C24-0524-KKE<br><br>ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT |

Plaintiff Pacific Coast Shipyards Metal Trades Trust Fund ("the Trust") seeks default judgment against Defendant Pacific Ship Repair & Fabrication Inc. ("Pacific Ship") for liquidated damages and attorney's fees and costs arising from delinquent contribution payments owed to the Trust under a June 2022 labor agreement for August through November 2023. The Trust also seeks an order for Pacific Ship to produce the monthly remittance reports for December 2023 through March 2024 so that the Trust can determine additional sums owed to it. The Trust has shown it is entitled to this relief under Federal Rule of Civil Procedure 55(b) and the Court grants the motion in part.

### I.  BACKGROUND

On June 8, 2022, Pacific Ship entered into an agreement with The Metal Trades Department of the AFL-CIO and the Puget Sound Metal Trades Council (the "Labor Agreement").

Dkt. No. 11 at 9–38. Under the Labor Agreement, Pacific Ship agreed to pay certain amounts "into jointly administered Health, Welfare, Dental, and Pension Trust Funds." *Id.* at 30. "By executing the Labor Agreement and participating in the [Trust's] benefit plan(s), Pacific Ship Repair is bound by the written terms of the trust agreement for the Pacific Coast Shipyards Metal Trades Trust Fund." Dkt. No. 1 ¶ 3.5. Each of these agreements provides for how and when Pacific Ship shall pay contributions to the Trust, and the consequences for failing to pay timely contributions.

On April 17, 2024, the Trust filed this case alleging Pacific Ship had failed to pay liquidated damages for late contributions for August 2022 through October 2022 (Dkt. No. 1 ¶ 3.9), and that Pacific Ship had failed to provide contribution reports or accompanying payments for November 2023 through March 2024 (*id.* ¶ 3.10). On April 24, 2024, Pacific Ship was personally served with the complaint and summons. Dkt. No. 6. As of the date of this Order, Pacific Ship has not appeared. On May 17, 2024, the Trust moved for entry of default against Pacific Ship, which was granted. Dkt. Nos. 7, 9. On May 24, 2024, the Trust filed this motion under Federal Rule of Civil Procedure 55(b), seeking default judgment against Pacific Ship for $6,637.67 in liquidated damages, $3,630.00 in attorney's fees, $590.00 in costs, and an order requiring Pacific Ship "to produce its monthly remittance reports for December 2023 through March 2024" to the Trust within 30 days. Dkt. No. 10-1.

## II.   ANALYSIS

**A.   Jurisdiction**

Before entering default judgment, the Court must confirm that it has both subject matter and personal jurisdiction. *See Shaw v. Cent. Puget Sound Reg'l Transit Auth.*, No. 23-35394, 2024 WL 2828810, at *1 (9th Cir. June 4, 2024) (citing *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999)

ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT - 2

(explaining that "a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties" before entering default)).

This Court has subject matter jurisdiction under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(e)(1). Dkt. No. 1 ¶ 2.1.

The Court has personal jurisdiction over Pacific Ship, whose registered agent for Washington was properly served with this complaint. Dkt. No. 6; *see Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (acknowledging nationwide personal service sufficient for personal jurisdiction under ERISA); Wash. Rev. Code § 23.95.450(1); *see also id.* § 4.28.080(9) (permitting service of summons on a company's registered agent).

**B.  Legal Standard**

A court's decision to enter a default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Default judgment is "ordinarily disfavored[,]" because "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (affirming district court's denial of default judgment). At the default judgment stage, the court takes "the well-pleaded factual allegations" in the complaint "as true[,]" but "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps*, 980 F.2d at 1267. When considering whether to exercise discretion in entering a default judgment, courts may consider various factors, including:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72. "The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important *Eitel* factors." *Fed. Nat. Mortg. Ass'n v. George*, No. EDCV 14-01679-VAP (SPx), 2015 WL 4127958, at *3 (C.D. Cal. July 7,

2015). This district also requires a party seeking default judgment to provide "a declaration and other evidence establishing plaintiff's entitlement to a sum certain and to any nonmonetary relief sought." Local Rules W.D. Wash. LCR 55(b)(2). Moreover, "[i]f the claim is based on a contract, plaintiff shall provide the court with a copy of the contract and cite the relevant provisions." LCR 55(b)(2)(A).

C.     **The Trust Is Entitled to Default Judgment.**

As detailed below, the Court has considered each of the *Eitel* factors and concludes that the Trust is entitled to default judgment.

The first factor, prejudice to the Trust, favors granting default judgment because the Trust (and the covered employees) will be prejudiced by not receiving the bargained-for benefits.

"The second and third *Eitel* factors—the substantive merits of the claim and the sufficiency of the complaint—are often analyzed together." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014). Here, the Trust brings causes of action for breach of the Labor Agreement/Trust Agreement and violation of ERISA. Dkt. No. 1 ¶¶ 4.1–4.6. The Phillips Declaration supports that Pacific Ship agreed to the Labor Agreement and Trust Agreement. Dkt. No. 11 ¶ 10, *id.* at 6–38 (Labor Agreement), *id.* at 39–73 (Trust Agreement). The Labor Agreement requires Pacific Ship to pay certain contributions to the Trust. Dkt. No. 11 at 30. The Trust Agreement requires Pacific Ship to pay contributions "with such reports as the trustees may prescribe" (*id.* at 41), and to pay certain liquidated damages for delinquent payments (*id.* at 62). The complaint (which is taken as true), along with the Phillips Declaration and supporting documents, show that Pacific Ship has failed to provide any contribution reports or payments for December 2023 through March 2024 (Dkt. No. 11 ¶ 17) and that Pacific Ship has failed to pay liquidated damages for August 2023 through November 2023 (*id.* ¶¶ 13–16, *id.* at 84–92). These failures violate the agreements. These failures also violate ERISA. 29 U.S.C. §§ 1132(a)(3), 1145.

The Trust has alleged, and supported, its claims for breach of contract and ERISA. These factors weigh in favor of granting default judgment.

The fourth factor, the sum of money at stake, favors entering default judgment because the amount is proportional to the harm and seriousness of Pacific Ship's failure to timely contribute to the Trust, and the Trust seeks only the remedies available under the agreements and statutes. *See Illumination Arts*, 33 F. Supp. 3d at 1212 (stating that this factor accounts for "the amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether the recovery sought is proportional to the harm caused by defendant's conduct" (cleaned up)).

The fifth factor, the possibility of dispute over material facts, favors entering default judgment. Generally, after default has been entered, "courts find that there is no longer the possibility of a dispute concerning material facts because the court must take the plaintiff's factual allegations as true." *Illumination Arts*, 33 F. Supp. 3d at 1212. But this is true only when the plaintiff has "supported its claims with ample evidence[.]" *Id.* (quoting *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 922 (C.D. Cal. 2010)). As described above, the Trust has supported its allegations with documents and declarations.

The sixth factor, whether default is due to excusable neglect, favors entering default judgment because Pacific Ship has been served with the complaint (Dkt. No. 6) but has not entered an appearance or participated in this action.

The seventh factor, the policy underlying the Federal Rules of Civil Procedure, weighs against entering default judgment because the Federal Rules of Civil Procedure favor resolution of claims through contested litigation.

On balance, the Court concludes the *Eitel* factors favor granting default judgment.

ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT - 5

**D.      The Trust Provides Sufficient Evidence of Damages, Except for Liquidated Damages for Part of October 2023.**

Once a court determines default judgment is proper, it then ensures "the amount of damages is reasonable and demonstrated by the evidence." *Illumination Arts*, 33 F. Supp. 3d at 1211. The Trust must provide "a concise explanation of how all amounts were calculated, and shall support this explanation with evidence establishing the entitlement to and amount of the principal claim, and, if applicable, any liquidated damages, interest, attorney's fees, or other amounts sought." LCR 55(b)(2)(A).

The Trust seeks $6,627.67 in liquidated damages for delinquent contribution payments for August 2023 through November 2023. Dkt. No. 10-1. The Trust has provided remittance reports showing the contributions owed for each month (Dkt. No. 11 at 75–82), the due dates for each payment (*id.* ¶¶ 13–16), the dates the payments were received (*id.* at 85–92), and the Trust Agreement, which supports 20% liquidated damages for late contributions (*id.* at 62). For the liquidated damages owed for August (both accounts[1]), September (both accounts), October (account 062257), and November (account 062257), the Court has confirmed the liquidated damages for each late monthly contribution equal 20% of the contribution amount and that, combined, these damages total $5,088.93. But turning to account number 062267 for October and November, the contribution reports are inexplicably dated for 2021. *See* Dkt. No. 11 at 90, 92. Because the amounts match up with the contribution reports (*compare id.*, *with id.* at 80, 82), the Court can assume this is a scrivener's error and the dates should be 2023. But this error nonetheless creates a discrepancy in the liquidated damages calculation for account number 062267 for October. Assuming the 2021 should be 2023, this document reflects that Pacific Ship paid the contribution for October 2023, due November 25, 2023, on December 1, 2023, not on March 1,

---

[1] The Trust manages accounts numbered 062257 and 062267 related to Pacific Ship.

ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT - 6

2024, as stated in the Phillips Declaration (Dkt. No. 11 ¶ 15). Dkt. No. 11 at 90. Because the liquidated damages percentage is different if the delay in payment is less than 20 days (*id.* at 62), instead of a 20% liquidated damages fee of $784.32, it should be a 6% liquidated damages fee of $235.30. This discrepancy is not present in the November 2023 calculations for account number 062267, so that amount of liquidated damages remains $764.39. Accordingly, due to the issues identified above, there is sufficient evidence to support only $6,088.82 in total liquidated damages, not the full $6,627.67 requested by the Trust.

The Trust seeks $3,630.00 in attorney's fees. Dkt. No. 10-1. The Trust is entitled to its attorney's fees under 29 U.S.C. § 1132(g)(2)(D) and has provided contemporaneous billing records (Dkt. No. 12 at 5–6). There is sufficient evidence to support a judgment for $3,630.00 in attorney's fees.

The Trust seeks $590.00 in costs. Dkt. No. 10-1. The Trust is entitled to its reasonable costs under 29 U.S.C. § 1132(g)(2)(D) and has provided billing records evidencing the costs incurred in bringing this case (Dkt. No. 12 at 8). There is sufficient evidence to support a judgment for $590.00 in costs.

In addition to its damages, the Trust seeks an order for Pacific Ship "to produce its monthly remittance reports for December 2023 through March 2024 to Plaintiff within 30 days of the date of this order." Dkt. No. 10-1. The Court finds that this relief is also appropriate. *See Nw. Carpenters Health & Sec. Tr. v. Greyrock Drilling & Piledriving LLC*, No. 2:23-CV-00063-TL, 2023 WL 3996906, at *4 (W.D. Wash. June 14, 2023) (citing 29 U.S.C. §§ 1132(a)(3)(B), 1132(g)(2)(E) (authorizing award of "such other legal or equitable relief as the court deems appropriate" in action where judgment is awarded in favor of ERISA plan).

In sum, the Trust provides sufficient evidence of $6,088.82 in liquidated damages, $3,630.00 in attorney's fees, and $590.00 in costs, and has shown that it is entitled to the injunctive relief it seeks.

### III. CONCLUSION

For these reasons, the Court GRANTS IN PART the Trust's motion for default judgment. Dkt. No. 10.  The Trust is entitled to the following from Pacific Ship: $6,088.82 in liquidated damages, $3,630.00 in attorney's fees, and $590.00 in costs; and remittance reports for December 2023 through March 2024 due to the Trust no later than July 26, 2024.  Post-judgment interest shall accrue on this judgment pursuant to 28 U.S.C. § 1961(a).

The Clerk is instructed to enter judgment in favor of the Trust as provided above.

Dated this 26th day of June, 2024.

Kymberly K. Evanson
United States District Judge